**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

LETAURUS WILLIAMS                              CIVIL ACTION NO. 26-1005

VERSUS                                         JUDGE S. MAURICE HICKS, JR.

STATE FARM FIRE                                MAGISTRATE JUDGE MCCLUSKY
& CASUALTY COMPANY

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss or Alternatively for More Definite Statement (Record Document 7) filed by Defendant, State Farm Fire and Casualty Company ("State Farm"). Plaintiff, Letaurus Williams ("Williams"), filed an opposition (Record Document 14), and State Farm filed a reply (Record Document 15). For the reasons stated below, the Motion is **GRANTED IN PART and DENIED IN PART**.

**FACTUAL BACKGROUND**

The Petition (Record Document 1-1) alleges that the property located at 2354 Julia Street in Bossier City, Louisiana, sustained wind and hail damage on February 11, 2024. See id. at 1–2. Williams contends that the damage will require "demolition, build back and extensive repairs." Id. at 2. He further argues that State Farm failed to adequately compensate him for covered losses under a homeowner's insurance policy and seeks contractual damages as well as penalties and attorney's fees under Louisiana Revised Statutes §§ 22:1892 and 22:1973. See Record Document 1-1 at 3–7.

State Farm argues that the Petition fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8 because it does not identify the nature or extent of the alleged property damage, the specific policy provisions allegedly breached, the amounts paid, the amounts allegedly owed, or the factual basis for the statutory bad-faith claims.

<u>See</u> Record Document 7. Thus, State Farm seeks dismissal under Rule 12(b)(6) or, alternatively, a more definite statement under Rule 12(e).

## LAW AND ANALYSIS

### I.       Motion to Dismiss Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings and requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To determine whether a complaint is adequate under Rule 8(a)(2), courts now apply the "plausibility" standard established in <u>Bell Atlantic Corp. v. Twombly</u>, and its progeny. <u>See</u> 550 U.S. 544 (2007). Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>See id.</u> at 555–56. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for failure to state a claim upon which relief may be granted. In deciding on a Rule 12(b)(6) motion to dismiss, a court generally "may not go outside the pleadings." <u>Colle v. Brazos County</u>, 981 F.2d 237, 243 (5th Cir. 1993). Additionally, courts must accept all allegations in a complaint as true. <u>See Iqbal</u>, 556 U.S. at 678. However, courts do not have to accept legal conclusions as fact. <u>See id.</u> Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the <u>Iqbal</u> and <u>Twombly</u> standard to survive. <u>See id.</u> at 678–79. If the complaint does

not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id.

## II.    Motion for a More Definite Statement Standard

Federal Rule of Civil Procedure 12(e) states that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." The motion must be made prior to filing a responsive pleading and "must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). A court should grant the motion if the complaint is "so excessively vague and ambiguous to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." Phillips v. ABB Combustion Eng'g, Inc., No. 13-594, 2013 WL 3155224, at *2 (E.D. La. June 19, 2013) (Feldman, J.) (quoting Babcock v. Wilcox Co. v. McGriff, Seibels & Williams, Inc., 235 F.R.D. 632, 633 (E.D. La. 2006) (Barbier, J.)).

## III.    Breach of Contract Claim

A breach of contract claim under Louisiana law has three essential elements: "(1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee." Omkar, LLC v. AmGUARD Ins. Co., 624 F. Supp. 3d 646, 650 (E.D. La. 2022) (citing IberiaBank v. Broussard, 907 F.3d 826, 835 (5th Cir. 2018)). "To state a claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision." Louque v. Allstate Ins. Co., 314 F.3d 776, 782 (5th Cir. 2002); see also Hibbets v. Lexington Ins. Co., 377 F. App'x. 352 (5th Cir. 2010) (unpublished).

Although Williams argues that <u>Louque</u>'s discussion of specific policy provisions was dicta and relies on <u>Meadowcrest Professional Building Partnership, LLC v. Companion Property & Casualty Insurance Co.</u>, No. 14-2196, 2014 WL 5481092 (E.D. La. Oct. 29, 2014), courts have continued to apply <u>Louque</u> after <u>Meadowcrest</u>. <u>See, e.g.</u>, <u>Omkar</u>, 624 F. Supp. 3d at 650–52; <u>see also</u> <u>Rhino Shield Gulf South, LLC v. RSUI Group, Inc.</u>, No. 18-281, 2018 WL 10809999, at *2 (M.D. La. May 10, 2018). The Court recognizes that <u>Meadowcrest</u> reached a different conclusion. However, the Court is more persuaded by the numerous subsequent decisions that have continued to apply <u>Louque</u> and require an insured to identify the policy provision allegedly breached to state a plausible claim for breach of contract. <u>See</u> <u>Omkar</u>, 624 F. Supp. 3d at 650–52; <u>see also</u> <u>Rhino Shield</u>, 2018 WL 10809999, at *2.

Here, Williams alleges that his property sustained wind and hail damage, that State Farm inspected the property, and that State Farm failed to adequately compensate him for his losses. <u>See</u> Record Document 1-1. However, the Petition does not identify any policy provision allegedly breached by State Farm, nor does it contain factual allegations describing the nature and extent of the alleged damage, the benefits paid by State Farm, the benefits allegedly owed under the policy, or the factual basis for Williams's contention that State Farm failed to satisfy its contractual obligations. Instead, Williams alleges in conclusory fashion that State Farm failed to perform its obligations under the policy and failed to adequately compensate him for the damages. Such allegations merely recite the elements of the claim and are insufficient. <u>See</u> <u>Hibbets</u>, 377 F. App'x. at 356.

The Court finds the reasoning of <u>Omkar</u> especially persuasive. <u>See</u> 624 F. Supp. 3d 646. There, the court dismissed a breach of contract claim arising from an insurance

4

dispute where the complaint alleged property damage, notice of loss, and the insurer's failure to properly adjust the claim, but failed to identify a specific policy provision allegedly breached or provide sufficient factual allegations demonstrating how the insurer breached its contractual obligations. See id. Because the same deficiency exists here, the Court finds that Williams has failed to state a claim for breach of contract. Accordingly, State Farm's Motion to Dismiss is **GRANTED** as to the breach of contract claim.

### IV.    Bad Faith Claims

To recover under La. R.S. §§ 22:1973 and 22:1892, "a plaintiff must first have a valid, underlying, substantive claim upon which insurance coverage is based." Pelle v. Munos, 296 So. 3d 14, 25 (La. App. 1st Cir. 2020) (citing Clausen v. Fidelity and Deposit Co. of Maryland, 660 So. 2d 83, 85 (La. App. 1st Cir. 1995), writ denied, 666 So. 2d 320 (La. 1996)). "The penalties authorized by these statutes do not stand alone; they do not provide a cause of action against an insurer absent a valid, underlying insurance claim." Pelle, 296 So. 3d at 25. In other words, a "breach of contract is a condition precedent to recovery for the breach of the duty of good faith." Bayle v. Allstate Ins. Co., 615 F.3d 350, 363 (5th Cir. 2010). Accordingly, "when a breach of insurance contract fails, a bad faith claim shall likewise fail." Q Clothier New Orleans LLC v. Twin City Fire Ins. Co., 535 F. Supp. 3d 574 (E.D. La. 2021), aff'd sub nom. Q Clothier New Orleans, L.L.C. v. Twin City Fire Ins. Co., 29 F.4th 252 (5th Cir. 2022).

Because Williams has failed to adequately plead a viable claim for benefits under the policy, he likewise fails to state a plausible claim for penalties under La. R.S. §§ 22:1892 and 22:1973. Accordingly, the Motion to Dismiss the bad faith claims is likewise **GRANTED**.

## CONCLUSION

Based on the reasons explained above, the Motion (Record Document 7) is **GRANTED IN PART and DENIED IN PART**.

The Motion to Dismiss is **GRANTED**. Williams's breach of contract claim and bad faith claims under La. R.S. §§ 22:1892 and 22:1973 are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted. However, because the deficiencies identified by the Court concern the adequacy of the pleadings rather than the substantive viability of the claims, Williams shall have fourteen (14) days from the date of this ruling to file an amended complaint curing the deficiencies identified herein. <u>See</u> Fed. R. Civ. P. 15(a)(2).

In light of the Court's dismissal of the Petition and grant of leave to amend, State Farm's alternative Motion for More Definite Statement is **DENIED AS MOOT**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 10th day of June, 2026.

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT

6